FIRST NAT. BANK OF BALTIMORE v. TERRY.

(Circuit Court, E. D. Pennsylvania. March 18, 1905.)

No. 37.

SURETYSHIP—CONTRACT—FRAUD—ENFORCEMENT.
    Where, in an action on a contract securing certain corporate indebtedness, defendant, a stockholder, alleged that he was induced to sign such contract by false and fraudulent representations made in plaintiff's presence by the president of the corporation with reference to its solvency and ability to pay debts, and that plaintiff, well knowing such representations to be false and fraudulent, stood by in silence, and permitted defendant to be induced to sign such agreement for plaintiff's benefit, such allegation stated a defense to the action.

Dismissing Rule for Judgment for Want of a Sufficient Affidavit of Defense.

Wm. Y. C. Anderson and Wm. Jay Turner, for plaintiff.
Hampton L. Carson, for defendant.

HOLLAND, District Judge. On February 5, 1901, the Blue Mountain Iron & Steel Company, of which the defendant was a large stockholder, was indebted to the plaintiff in the sum of $12,-000, with interest thereon from October 22, 1900, and there was pending and undetermined in the superior court of Baltimore City a suit by said plaintiff against said Blue Mountain Iron & Steel Company for the recovery of said indebtedness. On said date an agreement in writing was entered into by and between said Blue Mountain Iron & Steel Company, as party of the first part, Charles R. Elliott and Henry C. Terry, the defendant, as parties of the second part, and the plaintiff, as party of the third part, wherein it was provided that the pleas theretofore filed by said Blue Mountain Iron & Steel Company in said suit in the superior court of Baltimore City should forthwith be withdrawn, and the aforesaid indebtedness be liquidated by the payment of $500 upon the delivery of said agreement and further payments of $500 at consecutive intervals of 30 days until the full debt, with interest and costs, should have been paid; the parties of the first and second parts to said agreement obligating themselves jointly and severally to make said payments, and authorizing the plaintiff to enter judgment in said suit upon the failure of said parties to make said payments or perform the other stipulations of said agreement. By November 7, 1901, there was paid upon this agreement by Elliott $500 and by Terry $4,500. The balance was $7,000, which, with interest to date, is $7,667.11, after which date nothing was paid on account of this agreement either by Elliott or the defendant Terry, except the cost in obtaining judgment in Baltimore against the steel company, which was paid by

Terry on March 12, 1902. He also paid the interest on that judgment to April 1, 1903, since which time neither the defendant nor Elliott nor the steel company has paid anything to the plaintiff on account of either the judgment in Baltimore or interest thereon. At the time the agreement was executed by Elliott and Terry to the plaintiff in this case, Elliott was president of the steel company and Terry was a stockholder. Suit was brought against Terry on his agreement with plaintiff, and, among other things, he sets up in his affidavit of defense:

"That the defendant was induced to sign the agreement upon which this suit is brought by reason of certain false and fraudulent representations verbally made to the defendant by Charles R. Elliott, one of the parties to the agreement, said statements being made in the year 1901, at and before the signing of the agreement and in the presence of the plaintiff. That said representations were that the said Blue Mountain Iron & Steel Company was then possessed of sufficient assets under all circumstances to pay all its debts, including the debt due by it to the plaintiff in the present action; whereas in truth and in fact the said company was not possessed of sufficient assets to pay its debts, including the debt due by it to plaintiff in the present action, but was insolvent, and utterly unable to pay its debts. That the said Charles R. Elliott knew that the said statements and representations were false and fraudulent at the time that the same were made, and made the said statements in order to induce the defendant to sign the agreement; and the defendant, relying upon said false and fraudulent representations, and believing the same to be true, signed the agreement. That said false and fraudulent representations were made by the said Charles R. Elliott with a knowledge of their falseness, and were made in the presence of the plaintiff, and the plaintiff well knew at that time that the said representations were false and fraudulent, and that they were made with intent to deceive the defendant, and to induce him to sign the agreement; and that, but for the defendant's belief in the truth of the said false and fraudulent representations, the defendant would not have executed the contract; and the plaintiff, at the time of the execution of said agreement attached to its statement of claim, fraudulently suppressed and concealed from the defendant its knowledge of the false and fraudulent character of said representations, which were made for the purpose of inducing the defendant to sign the said agreement, and which said agreement was for the further advantage and protection of the plaintiff, the plaintiff knowing full well that, had it informed the defendant of the false and fraudulent character of the said statements, the defendant would not have executed the said agreement. That it permitted the said defendant to act upon said false and fraudulent representations because it would gain an advantage thereby, in that the defendant would sign the said agreement."

The plaintiff in this case stood by in silence, and permitted the defendant, by false and fraudulent representations on the part of the president of the steel company, to be induced to sign an agreement for plaintiff's benefit, and at the time, as alleged in the affidavit of defense, the plaintiff knew these representations to be false. If this defense be established, it is a bar to a recovery. Among the numerous authorities for this proposition, the case of Hartranft v. Fussell, 180 Pa. 552, 37 Atl. 1118, is cited as almost identical with the case at bar.

The rule for judgment for want of a sufficient affidavit of defense is dismissed.